IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JAMES ROBERT TURNER,

                        ORDER

       Plaintiff,

  v.                       13-cv-48-bbc

MICHAEL RATACZAK,

       Defendant.
_____

   Pro se prisoner James Turner is proceeding on a claim that, on August 26, 2012, defendant Michael Rataczak, a correctional officer at the Columbia Correctional Institution, used excessive force against him by slamming him against the wall and punching his face without provocation. On February 13, 2014, defendant filed a motion for summary judgment. Dkt. 22. Since then, plaintiff has filed four motions of his own: (1) a motion to compel discovery, dkt. 30; (2) two motions for an extension of time to respond to defendant's summary judgment motion, dkts. 31 and 32; and (3) a motion for assistance in recruiting counsel, dkt. 33. For the reasons stated below, I am granting in part and denying in part the motions to compel and the motions for an extension of time and denying the motion for assistance in recruiting counsel.

ANALYSIS

**I. Motion to Compel**

   One potential problem with plaintiff's motion to compel is that he fails to explain in the context of his motions why he believes he is entitled to any of the discovery that defendants did not provide. Instead, he simply states generally that defendants have "deliberately stonewalled." Dkt. 30 at 1. He does not describe specific requests or defendant's responses to them. Ordinarily, that would be enough to deny plaintiff's motions without further discussion.

However, attached to plaintiff's motion is defendant's responses to his discovery requests, along with two letters to defense counsel in which he explains why he believes their responses were inadequate. In this one instance, I will refer to the other documents to help determine whether plaintiff is entitled to relief. However, in the future, the court may disregard any motion he files if he does not provide the necessary argument in the context of the motion itself. *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("[A] brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

> **First Request for Production of Documents No. 1** Turner is requesting video tape (footage) of the incident on unit nine, on August 26, 2012. Between the time of 2:00 AM-2:30 AM of Turner in the dayroom, and going back too his cell after his cell was done being searched.

In response to this request, defendant simply stated that "no such video exists," but he provides more context in his brief. In particular, he cites the affidavit of Kevin Boodry, an officer who responded to the August 26, 2012 incident. Boodry avers that he contacted staff in the "control bubble" in the relevant unit so that he could view the video of the incident, but staff informed him "that the camera was panning and did not record the escort down the stairwell or initial assault." Boodry Aff. ¶ 19, dkt. 26. In the absence of contrary evidence, Boodry's explanation is minimally adequate to show why no video of the incident exists. Because defendant cannot produce what does not exist, I am denying this aspect of plaintiff's motion.

2

> **First Request for Production of Documents No. 2.** Turner is also requesting his eye glasses that was broken doing the incident by Officer Rataczak when he punched Turner and physically abused him.
>
> **First Request for Production of Documents No. 3**. Who was the last person had Turner eye glasses after the incident when Turner was being escorted too segregation.

In response to these requests, defendant said that he did not know where the glasses are and the parties debate whether defendant has done enough to determine where the glasses might be. Although the missing glasses might suggest that defendant or other officers were negligent in preserving potential evidence, a fundamental problem with plaintiff's request is that he does not explain how the glasses might be relevant to proving his claim. Defendant does not deny that plaintiff's glasses were broken during the incident, Rataczak Aff. ¶ 25, dkt. 25, so plaintiff does not need the glasses to prove that fact. Because plaintiff does not identify any other way the glasses could help him prove an element of his claim (or lead to other evidence that would), I see no reason to require defendant to take additional efforts to find the glasses.

> **First Request for Production of Documents No. 4.** Turner is requesting a copy of the procedure d[ea]ling with search[e]s d[ur]ing lockdown, and where the camera should be facing.

Defendant's response to this request is that neither the prison nor the Division of Adult Institutions has procedures related to the issues plaintiff raises. In his letter to defense counsel, plaintiff elaborates on his request, writing that he is seeking the "CCI Internal Posted Orders and/or Operation Policy regarding the Execution of Cell Searches by Correctional Staff, implementing the DOC Administrative Code Rules Search of Inmates mandates and protections

of DOC 306.16 and DOC 306.17." Dkt. 30-1 at 3. In addition, he says he wants the "Housing Units 'Dayroom' Security Camera operational Policy and Storage of Camera Video Tape Internal CCI and DOC General Policy." *Id.*

To the extent that plaintiff is seeking copies of Wis. Admin. Code §§ DOC 306.16 and 306.17, those are available in the prison library. To the extent that plaintiff is seeking any other policy, he has not identified any reason to believe that defendant's denial of the existence of such policies is false. In any event, it is difficult to see how policies of the type plaintiff seeks could have any relevance to his excessive force claim.

> **First Request for Production of Documents No. 5.** Turner is requesting his medical report concerning his therapy, and who ordered the therapy, and when the therapy was ordered.

Defendant's response to this request is that plaintiff is free to request his own medical records from the Institution Services Unit; he does not need defendant to do it for him. Plaintiff's only response to this is that the Institution Services Unit will not provide "certified" or "authenticated" copies to him. Dkt. 30-1 at 4. Plaintiff does not provide any basis for that assertion, but even if he had, his concern is misplaced. To the extent that plaintiff is worried that defendant will object to the admissibility of any records he receives from the Institution Services Unit on the ground that they have not been authenticated, defendant has waived any objection by directing plaintiff to get his records from that unit.

> **First Request for Production of Documents No. 6.** Turner would like a video tape be made of the television location, and a copy of the staircase location in the dayroom.

Defendant objects to this request on the ground that no such video exists. I agree with defendant that Fed. R. Civ. P. 34 does not require parties to create records; the rule is limited to those records that already exist. *Cholakyan v. Mercedes-Benz USA, LLC*, CV 10-5944 MMM JC, 2011 WL 7575379 (C.D. Cal. Dec. 20, 2011) ("[C]ourts may not compel a party to create new documents solely for their production in response to a Rule 34 request."). *Accord Georgacarakos v. Wiley*, No. 07-CV-01712-MSK-MEH, 2009 WL 924434 (D. Colo. Apr. 3, 2009); *Smith v. Phamm*, 03-3451-SAC, 2008 WL 2944905 (D. Kan. July 28, 2008); *Marchese v. Department of the Interior*, No. Civ. A. 03-3082, 2004 WL 2297465, at *4 (E.D. La. Oct.12, 2004); *Harris v. Athol-Royalston Reg'l Sch. Dist. Comm.*, 200 F.R.D. 18, 20 (D. Mass. 2001); *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000); *United States v. Schoenagle's Auto Body, Inc.*, 1985 WL 3806 (E.D. Pa. Nov. 20, 1985); *Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511 (W.D. Pa. 1983). In one of his letters, plaintiff says that he is only asking for photographs, but even that request would require defendant to create new documents. In addition, plaintiff says that he does not have any other way to obtain footage of the room.

However, even if the lack of alternatives were a relevant consideration under Rule 34, I would not grant this motion because plaintiff does not explain how video or photographs of the locations he identifies would be useful in proving his claim.

> **First Request for Production of Documents No. 7**. Turner is also requesting a copy of the four photos of the injuries to Officer Michael Rataczak as related to the Conduct Report #2236532.

With respect to this request, defendant does not deny that photographs of his injuries exist. Rather, his primary objection to this request is that giving plaintiff a copy of the photographs could undermine security. In particular, defendant says that "[i]nmates in possession of a picture of a security staff member could send that picture to others both inside and outside of the institution" and "could utilize the possession of a photograph of a security staff member to intimidate, and/or manipulate that staff, though among other things threats to his or her safety." Dft.'s Br., dkt. #34, at 7. However, defendant cites no authority for the proposition that a party to a lawsuit may insulate relevant documents from discovery requests simply because he does not want the opposing side to have possession of that information. If defendant had a security concern about an otherwise valid discovery request, the proper course was not to issue a blanket objection, but to propose a compromise solution, such as by allowing plaintiff to view the photographs while he is preparing his summary judgment materials but not allowing him to retain possession of them and by submitting copies of the photographs to the court *in camera*.

Alternatively, defendant says that "[i]t is undisputed in this case that Officer Rataczak suffered a laceration on his palm during the incident in question," *id.*, but he does not cite any evidence that plaintiff has made such an admission. Rather, in one of his letters, plaintiff argues that he believes that the photographs will show that defendant's injuries "are in fact nonexistent." Dkt. 30-1 at 22. Particularly because defendant has submitted a proposed finding of fact related to his injuries in support of his motion for summary judgment, Dft.'s PFOF ¶ 44,

6

dkt. 24, he cannot deprive plaintiff of the ability to use evidence that could undermine defendant's affidavit testimony. Accordingly, I am directing defendant to arrange for plaintiff to view the photographs and to submit them to the court *in camera*.

> **First Request for Production of Documents No. 8.** Plaintiff is also requesting Officer Michael Rataczak record d[ea]ling with abuse of other inmates here at Columbia Correctional Institution.

Defendant objects to this request on the ground that he "has not received any warnings or discipline regarding treatment of inmates or excessive force." Dft.'s Br., dkt. #34 at 7-8. Because defendant cannot produce what does not exist and plaintiff does not point to any evidence undermining defendant's denial, I am denying this aspect of plaintiff's motion.

Plaintiff attaches to his motion two other sets of discovery requests, but most of those requests are the same as those in his first set. The only new request is for defendant's "history on the job, dealing with inmates." Dkt. 30-1 at 6. However, I agree with defendant that the request is overly broad and vague, making it impossible for defendant to know what documents are responsive to the request.

## II. Motions for an Extension of Time

Plaintiff has filed two motions for an extension of time to respond to defendant's motion for summary judgment. In both of these motions, plaintiff argues that he needs more time because he is still waiting for discovery. Now that I have resolved the discovery disputes, that should no longer be an issue. Accordingly, I will give plaintiff a short extension of time to allow

him to view the photographs of defendant's alleged injuries and consider how to proceed without the other evidence he requested.

To the extent that plaintiff is asking for an extension of time to file his own motion for summary judgment, I am denying that request as untimely because he waited until after the deadline to make the request. In any event, in cases such as this one in which a plaintiff must prove a defendant's intent in order to prevail on his claim, it is almost impossible for a plaintiff to win as a matter of law in the context of a motion for summary judgment, as this court has explained:

> When one of the issues is whether the defendant acted with [unlawful] intent, a plaintiff could not meet [the standard for obtaining summary judgment] unless the defendant admitted he had relied on an impermissible factor in making a decision. Once the defendant testifies that he did not have a[n] [unlawful] motive, as all of the defendants have done in this case, it would be the rarest of instances in which the plaintiff could prevail at summary judgment. A court would have to conclude that the defendant was lying, but this is a determination almost always reserved for the factfinder.

*Day v. City of Baraboo*, 06-C-188-C, 2007 WL 5633174 (W.D. Wis. Jan. 31, 2007). As in *Day*, the defendant in this case has denied that he acted with unlawful intent. Accordingly, plaintiff should focus on preparing a response to defendant's motion for summary judgment rather than filing his own motion.

### III. Motion for Assistance in Recruiting Counsel

Finally, plaintiff has renewed his motion for assistance in recruiting counsel. Dkt. 33. In an order dated July 11, 2013, dkt. 18, I denied plaintiff's previous motion for assistance

in recruiting counsel on the ground that he had not made the required showing under *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007), that the legal and factual difficulty of the case exceeds his ability to prosecute it.

Nothing in plaintiff's new motion changes that conclusion. Although plaintiff says that his education is limited, thus far he has demonstrated that he has the ability to gather facts, conduct legal research, draft motions and briefs and make legal arguments. In addition, plaintiff says that he needs an attorney to help him with discovery, but I have resolved the disputed discovery issues in this order. Finally, he says that he needs a lawyer to submit his eyeglasses for "D.N.A. testing." Even if I assume that the need for DNA testing could be a relevant factor in determining whether to recruit counsel, plaintiff does not explain how that testing could help him prove his claim in this case.

Compared to many others, claims for excessive force are relatively simple. In opposing defendant's motion for summary judgment, plaintiff's primary duty will be to submit an affidavit or declaration in which he explains in as much detail as possible what happened during his interaction with defendant on August 26, 2012, keeping in mind the elements of an excessive force claim as set forth in the March 27, 2013 screening order, dkt. 9. Plaintiff's filings thus far suggest that he is capable of doing that, along with submitting a brief, proposed findings of fact, responses to defendant's proposed findings of fact and any relevant documentary evidence he has obtained. If plaintiff defeats defendant's motion for summary judgment, he is free to renew his motion for assistance in recruiting counsel for the purpose of trial.

ORDER

It is ORDERED that

(1) Plaintiff James Turner's motion to compel discovery, dkt. 30, is GRANTED IN PART with respect to his request for the photographs of the injuries defendant Michael Rataczak received on August 26, 2012. Defendant should make arrangements to allow plaintiff to view the photographs no later than March 7, 2014. Also by March 7, 2014, defendant should file copies of the photographs with the court *in camera*.

(2) The motion to compel, dkt. 30, is DENIED in all other respects.

(3) Plaintiff's motions for an extension of time, dkt. 31 and 32, are GRANTED IN PART. Plaintiff may have until March 24, 2014 to file his opposition materials to defendant's motion for summary judgment. Defendant may have until April 3, 2014, to file a reply.

(4) Plaintiff's motion for assistance in recruiting counsel, dkt. 33, is DENIED.

Entered this 3rd day of March, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge