IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER,

                        Plaintiff,

      v.

MICHAEL RATACZAK,

                        Defendant.

ORDER ON MOTIONS IN LIMINE

13-cv-48-jdp

---

In this case brought under 42 U.S.C. § 1983, pro se prisoner James Turner is proceeding on a claim that defendant Michael Rataczak, a correctional officer at the Columbia Correctional Institution, used excessive force against him by slamming him against the wall and punching his face without provocation. Trial is set for Tuesday, October 14, 2013 at 9 a.m., with the final pretrial conference immediately beforehand at 8:30 a.m. Currently before the court are the parties' motions in limine, which I discuss in turn below.

DEFENDANT'S MOTIONS

**Motion No. 1a: Exclude defendant's employee discipline history**

In July 2014, defendant was suspended without pay for 10 work days for an incident in which he lied to superiors about a pepper spray canister that had gone missing (this does not appear to be related to a use of force against an inmate; rather, defendant seems to have been covering up the misplacement of the canister).

Defendant seeks to exclude mention of this suspension, citing to the circuit's long-used four-part test for admitting "other acts" evidence under Fed. R. Evid. 404(b), but that

test has been abandoned by the Court of Appeals "in favor of a more straightforward rules-based approach." *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014). In *Gomez*, the court stressed that "the district court should not just ask whether the proposed other-act evidence is relevant to a non-propensity purpose but how exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *Id.*, at 856.

Plaintiff argues that the suspension "is directed toward establishing [defendant's] intent, willingness to disregard DOC policies and procedures, and his lack of credibility, and not toward establishing a propensity to commit violent acts." However, "credibility" is not a reason to allow this evidence under Rule 404, although I will discuss credibility further below with regard to rules 608 and 609. With regard to plaintiff's other reasons, he goes on to argue that "[w]hether Rataczak understands and/or is willing to disregard DOC policies and procedures is highly relevant to his defense in this case that his actions here were in compliance with such policies."

Plaintiff seems to want to use the suspension to show that defendant has a propensity to violate DOC rules, and so I will not allow this evidence under Rule 404. In a different case, a plaintiff might try to show that a defendant correctional officer literally did not understand the rules and could try to introduce other acts evidence to show the defendant's lack of understanding. But plaintiff cannot argue that here; there is no evidence indicating that defendant was unaware that it was generally forbidden to punch inmates. Moreover, defendant's suspension seems to have been for an intentional violation of DOC rules (lying to superiors), not a misunderstanding of the rules. I do not see how the previous suspension

2

can be spun into proving defendant's "intent to break DOC rules" in a way that is not a cover for sneaking in propensity evidence.

Plaintiff also argues that the suspension should be admissible under Fed. R. Evid. 609 ("Impeachment by Evidence of a Criminal Conviction"), but because this disciplinary decision by the DOC is not a conviction, I do not see how this rule could apply. Plaintiff cites to no authority to suggest that it could.

Finally, plaintiff argues that the suspension may be raised on cross-examination under Fed. R. Evid. 608(b) ("[T]he court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."). This is a permissible use for the suspension.

Defendant's motion to exclude the suspension is GRANTED, for the most part. Defendant's suspension may be used on cross examination under Rule 608(b).

**Motion No. 1b: Exclude defendant's lawsuit history**

Defendant was also named as a defendant in a 2011 excessive force case in this court. *Dixon v. Casiana*, No. 12-cv-611-wmc. (Defendant does not specifically name this case in his motion, but he raises the same general reasons for exclusion as mentioned above regarding his employee discipline.) Plaintiff identifies the *Dixon* case and argues that "[t]he fact that Rataczak has previously been sued for allegedly using excessive force against another inmate in 2011 bears directly on [the issues of intent and whether defendant responded to plaintiff with "reason and control" or excessive force]."

3

This court actually *granted* summary judgment to defendant on the excessive force claim, stating, "At best, under [plaintiff's] version of events, defendants mistakenly believed Dixon to be non-compliant and resistant, or, at worst, they may have "deliberately and perhaps unnecessarily applied a relatively minor amount of force." *Dixon*, 2014 WL 3891645, *6. It is difficult to see how this case could show defendant's "intent" to punch defendant or slam him to the ground in such a way that would violate his Eighth Amendment rights. Because the risk of unfair prejudice from the previous accusation of excessive force against defendant outweighs any relevance of this evidence, the motion to exclude it is GRANTED.

**Motion No. 1c: Exclude DOC officials' lawsuit history**

Defendant's motion to exclude is very vague but he suggests that plaintiff will try to bring up previous lawsuits against DOC employee witnesses. Neither side explains which witnesses or what lawsuits are the subject of the motion. Although the court will be reluctant to allow evidence of lawsuits against other DOC officials, the motion to exclude is DENIED because it is vague. At trial, defendant remains free to raise objections to particular evidence he believes should be excluded.

**Motion No. 2: Exclude evidence and argument regarding missing video**

Earlier in the litigation, the court denied plaintiff's motion to compel discovery of the video footage of the incident, stating as follows:

> In response to this request, defendant simply stated that "no such video exists," but he provides more context in his brief. In particular, he cites the affidavit of Kevin Boodry, an officer who responded to the August 26, 2012 incident. Boodry avers that he contacted staff in the "control bubble" in the relevant unit so that he could view the video of the incident, but staff informed him "that the camera was panning and did not record the escort down the

4

> stairwell or initial assault." Boodry Aff. ¶ 19, dkt. 26. In the absence of contrary evidence, Boodry's explanation is minimally adequate to show why no video of the incident exists. Because defendant cannot produce what does not exist, I am denying this aspect of plaintiff's motion.

Dkt. 36, at 2. Now plaintiff wants to be able to argue that the lack of available videotape tends to show that defendant or other DOC employees destroyed the video to conceal defendant's excessive force. To further support this theory, plaintiff now says that the officials in charge of the control bubble at the time, who presumably reviewed the tape to see whether the incident was captured, are friends of defendant. Also, plaintiff sought to see the videotape, while defendant, perhaps oddly, never asked to see it. These facts could be consistent with evidence of a cover up.

The problem for plaintiff is that Seventh Circuit law allows a jury to make a negative inference about missing evidence only if bad faith is found. *See, e.g., Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010); *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). I said as much in the summary judgment order:

> In his response brief, plaintiff argues that he is "entitled to an inference" in his favor regarding the fact that defendant did not provide video footage of the incident or give plaintiff his eyeglasses for DNA testing. However, the court has already denied plaintiff's motion to compel discovery of these items, Dkt. 36, and plaintiff fails to show that defendant acted in bad faith in any way.

Dkt. 51, at 2 n.2 (citing *Norman-Nunnery*, 625 F.3d at 428). This is also reflected in the Seventh Circuit's pattern instruction:

> [Party] contends that [Other Party] at one time possessed [describe evidence allegedly destroyed]. However, [Other Party] contends that [evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.]. You may assume that such evidence would have been unfavorable to [Other Party] only if you find by a preponderance of the evidence that:

> (1) [Other Party] intentionally [destroyed the evidence] [caused the evidence to be destroyed]; and
>
> (2) [Other Party] [destroyed the evidence] [caused the evidence to be destroyed] in bad faith.

Seventh Circuit Pattern Jury Instruction § 1.20. Defendant notes that plaintiff did not previously move for discovery sanctions for spoliation, so there has been no finding of bad faith, and defendant argues that plaintiff should not be able to bring evidence or argument regarding the failure to capture the video "in a backdoor attempt to argue for an adverse inference at trial."

Meanwhile, plaintiff argues that there does not need to be a finding of bad faith for him to introduce this evidence. He cites to a recent Eastern District excessive force case in which the court stated:

> The defendants argue that [the criminal court's finding that police department acted in bad faith by failing to preserve video] should not necessitate the "sanction" of allowing the loss of the videotape to be introduced against them. The Court can dispatch with that argument easily: it is not holding that the evidence is admissible as a "sanction." Rather, the Court is holding that the evidence is admissible, because it is relevant and not unfairly prejudicial.

*Schroeder v. City of Waukesha*, 2014 WL 1663531, *3 (E.D. Wis. Apr. 25, 2014).

However, *Schroeder* is not particularly helpful to plaintiff because in that case there was not a dispute that the missing video actually recorded the incident at issue, and the police disposed of the video knowing that it was relevant. In *Schroeder*, the court noted that the plaintiff's criminal proceedings were dismissed in part because of the police department's bad faith in destroying video evidence of the incident. In the present case, there has been no finding of bad faith, and plaintiff is merely speculating that the videotape would have shown the incident at question. It does not appear that they have obtained testimony from officers Kevin and Trista Pitzen, who are the only people having firsthand knowledge of what was on

6

the video. In short, plaintiff has not persuaded me that it would be appropriate to have him present evidence about the videotape to the jury.

Implicit in the wording of Seventh Circuit Instruction 1.20 is the idea that the parties might be allowed to present evidence to the jury for or against bad faith and let the jury decide whether bad faith existed. The comments to that instruction, however, make clear that *some* showing is required before putting the issue to the jury. Plaintiff states that he is willing to make an offer of proof, which I conclude is the appropriate way to handle this issue. *See More v. City of Braidwood*, 2010 WL 3547964, *8 (N.D. Ill. Sept. 7, 2010) ("at trial, the plaintiff may seek to make an offer of proof outside the presence of the jury regarding bad faith and the defendants' duty to preserve. If the court accepts the offer of proof and concludes that the plaintiff has met its burden of demonstrating bad faith and a breach of a duty to preserve, then the court will revisit this ruling."). Plaintiff should be warned, however, that the marginal utility of this evidence may be outweighed by the risk of confusing the jury or wasting time.

Accordingly, defendant's motion to exclude evidence regarding the videotape is GRANTED, but plaintiff will be given the opportunity to make an offer of proof that the evidence would be appropriate to present to the jury. Because jury selection in this case will likely be delayed until late morning on October 14, plaintiff should be prepared to present whatever evidence he thinks is relevant to this issue immediately after the final pretrial conference.

**Motion No. 3: Exclude evidence and argument regarding failure to keep plaintiff's broken eyeglasses**

The whereabouts of plaintiff's broken glasses were also the subject of his previous motion to compel, where the court stated:

> In response to these requests, defendant said that he did not know where the glasses are and the parties debate whether defendant has done enough to determine where the glasses might be. Although the missing glasses might suggest that defendant or other officers were negligent in preserving potential evidence, a fundamental problem with plaintiff's request is that he does not explain how the glasses might be relevant to proving his claim. Defendant does not deny that plaintiff's glasses were broken during the incident, Rataczak Aff. ¶ 25, dkt. 25, so plaintiff does not need the glasses to prove that fact. Because plaintiff does not identify any other way the glasses could help him prove an element of his claim (or lead to other evidence that would), I see no reason to require defendant to take additional efforts to find the glasses.

Dkt. 36, at 3. Plaintiff's request to elicit testimony about the glasses suffers from the same problems as the video, with the additional issue noted by Judge Crocker in ruling on the motion to compel—it is even harder to see how the loss of the glasses could create a negative inference about defendant. Plaintiff now argues that the physical condition of the glasses could corroborate one version of the story or the other. Defendant stated that the frame of the glasses was broken but the lens was intact. Plaintiff implies that his version of the story is different, but does not actually cite to anything in the record suggesting that this is the case. Instead, plaintiff seems to be speculating that the loss of the glasses might show *something* that would harm defendant's credibility. Because plaintiff fails to show any plausible relevance of this evidence, defendant's motion to exclude it is GRANTED.

PLAINTIFF'S MOTIONS

**Motion No. 1: Exclude plaintiff's prior criminal convictions**

Defendant intends to impeach plaintiff with his previous felony convictions pursuant to Fed. R. Evid. 609.[1] Plaintiff argues that the convictions should be excluded because they are more than ten years old, but the ten-year limit discussed in Rule 609(b) runs from the date of conviction or date of release, whichever is later. Plaintiff is still incarcerated, so the convictions should not be excluded on that basis.

But the use of convictions is still subject to Rule 403. Perhaps for this reason, defendant is not asking to run through the details of these convictions; instead, he wants to be able to ask about plaintiff's total number of convictions (disputed, but somewhere around 15-18) and total length of sentence (defendant says this is 314 years). Plaintiff argues that defendant should be limited to eliciting that plaintiff "has been convicted of a crime."

Generally, "the government may identify the particular felony charged, the date, and the disposition of a prior conviction for impeachment purposes." *United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006). This court generally has not allowed the length of sentence to be discussed in cross-examination. In this case it would seem particularly prejudicial to allow the jury to hear that plaintiff is serving a 314-year sentence, so I will exclude that information. In addition, the sheer number of felonies is likely to unfairly prejudice plaintiff. The idea behind Rule 609 (that felons are less credible than non-felons) can be served without resorting to disclosing the total number of felonies, which would likely incline the jury to decide the case on the basis of plaintiff's character, rather than his credibility. I

---

[1] The parties do not seem to agree on the total number of felony convictions at issue; defendant says 18, plaintiff says 15, and the DOC "Offender Detail Report" attached by plaintiff includes two felony convictions that plaintiff does not include his total of 15.

conclude it is appropriate to limit defendant to asking plaintiff whether he is "serving a sentence for multiple felony convictions." Accordingly, plaintiff's motion to exclude information regarding his convictions is GRANTED IN PART.

**Motion No. 2: Exclude plaintiff's disciplinary record**

Plaintiff wants to exclude his disciplinary record, which contains incidents with prison officials as well as other prisoners. Defendant does not oppose the limitation, except for two incidents in which plaintiff arguably threatened prison officials following searches. So, to start, plaintiff's motion will be granted regarding the remainder of his record.

It seems undisputed that the incident at issue in the present case followed a search of plaintiff's cell. Defendant wants to use two prior instances of plaintiff threatening other prison officials (not defendant himself) to show "intent, plan, and lack of accident." The first was a March 24, 2004 incident in which plaintiff stated to an officer searching his property: "I remember you and I'll fuck you up the next time." As plaintiff points out, the probative value of this incident to show "intent, plan, and lack of accident" for plaintiff's actions in the present case, more than eight years after the fact regarding a different correctional officer, is virtually nil. There is no reason to allow its use given the risk of the jury using it for impermissible character purposes.

The second incident is from March 12, 2012, when an officer directed plaintiff to turn over contraband. Plaintiff became agitated and told the officer he would "have to come get" the contraband rather than plaintiff bringing it out. Plaintiff also made the statement, "Do you remember when I asked you if you had ever been beaten up by a black guy before?" (Plaintiff is black.)

In a vacuum this statement seems threatening, but the disposition of the conduct report makes this less clear. In the conduct report itself, the officer stated that "[t]his statement has come up in the past. Under direction of Captain Trattles I was directed not to write an Incident Report and was told the problem was resolved." Although the disciplinary committee found that the incident occurred as defendant said (meaning that plaintiff made the statement) it did not convict him on the threat or disrespect charges listed in the conduct report. (Plaintiff was found guilty of disobeying orders and disruptive conduct). Given this result, the probative value of this incident is extremely tenuous.

Moreover, even if plaintiff had been found guilty of making a threat, or I otherwise assumed that the statement was meant to be a threat, the connection between this incident and a "plan" or "intent" regarding the later incident at issue in this case is tenuous. Its relevance is negligible to any non-propensity purpose, and its marginal relevance is substantially outweighed by the risk of the jury using it as character evidence. Accordingly, plaintiff's motion to exclude his disciplinary history in its entirety is GRANTED.

Entered this 8th day of October, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge